IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| RUSLAN SAKIEV, § § § Petitioner, § § v. § MARY DE ANDA-YBARRA et al., § § § Respondents. § | CAUSE NO. EP-25-CV-718-KC |

### ORDER

On this day, the Court considered Ruslan Sakiev's Petition for a Writ of Habeas Corpus, ECF No. 1. Sakiev is held in immigration detention at the ERO El Paso Camp East Montana facility in El Paso, Texas. Pet. ¶¶ 1, 11. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 3–5.

Sakiev entered the country for the first time in 2017, and was "paroled into the United States" in 2022. *Id.* ¶ 17. In its Show Cause Order, ECF No. 4, the Court noted that, "[a]s alleged, [Sakiev's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, No. 25-cv-337-KC, 2025 WL 2691828, at *1–13 (W.D. Tex. Sept. 22, 2025)." Show Cause Order 1. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Sakiev's case warrant a different outcome." *Id.* at 2.

Respondents conceded that "the facts . . . are materially similar" between *Lopez-Arevelo* and this case. *See* Resp. 9, ECF No. 6. Respondents attempt to distinguish this case because here, Sakiev is facing "full" removal proceedings, whereas in *Lopez-Arevelo* the removal proceedings had been dismissed. *Id.* Respondents do not explain why this difference is

significant, and the Court finds it is not. Indeed, throughout its many decisions on this topic, the Court has already rejected every legal argument raised in the Response, and often in the context of a petitioner for whom removal proceedings remained pending. *Compare* Resp. 1–9, *with, e.g.*, *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez*, 2025 WL 2965859, at *1–5; *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *1–14 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 2691828, at *1–13 (W.D. Tex. Sept. 22, 2025). It is Respondents' prerogative to preserve these arguments for appeal. Nevertheless, where they acknowledge that this case is materially indistinguishable from the Court's prior decisions, it follows that the same result is warranted here.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Sakiev's Petition is **GRANTED IN PART** on procedural due process grounds.

The Court **ORDERS** that, **on or before January 14, 2026**, Respondents shall either: (1) provide Sakiev with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Sakiev's continued detention; or (2) release Sakiev from custody, under reasonable conditions of supervision.

---

[1] The relevant facts are undisputed, *see* Resp. 1, and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

**IT IS FURTHER ORDERED** that, <u>on or before January 14, 2026</u>, Respondents shall **FILE** notice informing the Court whether Sakiev has been released from custody.  If Sakiev has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph.  Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

<u>**There will be no extensions of the January 14, 2026, deadlines.**</u>

**SO ORDERED**.

**SIGNED** this 7th day of January, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE